Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                              )   CASE NO.    11-30151(LMW)
                                    )
  ANDREW JOHN JULIAN,               )   CHAPTER    11
                                    )
        DEBTOR.                    )   ECF NOS.    67, 78, 80
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### APPEARANCES

| | |
|---|---|
| Julie A. Manning, Esq.<br>Eric S. Goldstein, Esq.<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT  06103-1919 | Counsel for Movant Shaw's New London, LLC |
| Peter L. Ressler, Esq.<br>Groob Ressler & Mulqueen<br>123 York Street, Suite 1B<br>New Haven, CT  06511-0001 | Counsel for the Debtor and Debtor-in-Possession |

### BRIEF MEMORANDUM AND ORDER GRANTING<br>MOTION TO DISMISS TO THE EXTENT OF CONVERSION OF CASE[1]

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

    **WHEREAS,** before the court are (a) Shaw's New London, LLC ("SNL") Motion To Dismiss

Case with Prejudice for Failure To Comply with Court Order and/or Appear for Rule 2004

---

[1] This memorandum and order is in lieu of a bench ruling scheduled for February 16, 2012. However, the February 16, 2012 hearing remains pending for purposes including the discussion of appropriate arrangements for the Fifty Spot Note (as that term is defined in ECF Nos. 99, 120) and its proceeds in light of the case conversion.

Examination (ECF No. 67), (b) SNL's Supplement To Motion To Dismiss Case with Prejudice for Failure To Comply with Court Order and/or Appear for Rule 2004 Examination (ECF No. 78, collectively with ECF No. 67, the "Motion")[2] and (c) the above-referenced debtor's (the "Debtor") Objection to Motion To Dismiss (ECF No. 80, the "Objection");

## Jurisdiction and Procedure

**WHEREAS,** this court has jurisdiction over this matter as a core proceeding under 28 U.S.C. §§ 1334 and 157 and that certain Order dated September 21, 1984 of the District Court for this District (Daly, C.J.).[3]  This memorandum constitutes the findings of fact and conclusions of law mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure (made applicable here by Rule 9014 of the Federal Rules of Bankruptcy Procedure);

**WHEREAS,** this matter was the subject of an evidentiary hearing held over three days: November 28, 2011 (*see* ECF No. 118 (transcript)); December 13, 2011 (*see* ECF No. 124 (transcript)); and December 14, 2011 (*see* ECF No. 132 (transcript)).[4]  After the December 14, 2011 evidentiary hearing, the court issued an order (*see* ECF No. 120) that was in the nature of a prejudgment remedy for SNL.  (*See* ECF No. 132 at 196:17 *et seq.*);[5]

---

[2]     SNL filed a proof of claim in this case on May 24, 2011 that is *prima facie* evidence of its claim.  (*See* Claim No. 4.)  Based on the foregoing, the court concludes that SNL is the holder of at least a disputed claim in this case and has standing to file and prosecute the Motion.  *See* 11 U.S.C. §§ 101(5), 1109(b) and 1112(b).

[3]     That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

[4]     The referenced transcripts aggregate approximately 530 pages.  The docket in this case is comprised of approximately 140 items.

[5]     That order primarily concerned the proceeds of the Fifty Spot Note.  That note is a wasting asset.

**WHEREAS,** the matter was continued to January 11, 2012 for further evidence. However, on January 11th counsel for the Debtor appeared and advised the court that no further evidence would be presented and stated further:

> [T]he Debtor and his counsel in the state court proceeding and his accountant had conversations with regard to the continuation of presentation of evidence, and it was decided that the Debtor would be better served by having a plan and disclosure statement filed with the court, which has been done [on the day of the January 11, 2012 final hearing (see below)], and proceed with it. We believe you've heard sufficient evidence with regard to the allegations that have been proffered by counsel in their complaint [sic] or the motions to dismiss . . . . What we would like to do is to submit a memo to the Court with regard to the evidence that's been presented and the positions of the Debtor vis-a-vis this evidence in the motion and let your Honor make a decision with regard to the motions . . . .

(ECF No. 129 at 4:2–5:4 (remarks of counsel for the Debtor).);

**WHEREAS,** at the conclusion of the hearing, the court stated: "Now, I'm going to ask the parties each to submit a brief [a "Brief"] and . . . I want the . . . [Briefs] no later than January the 25th close of business, simultaneous briefs." (ECF No. 129 at 32:24–33:3 (statement of court).);

**WHEREAS,** on January 25, 2012, counsel for SNL filed a Brief. (*See* ECF No. 136, the "SNL Brief.") The SNL Brief was substantially supported by citations to authority and citations to the record. (*See id.*);

**WHEREAS,** on January 25, 2012, counsel for the Debtor filed his Brief. (*See* ECF No. 134.) An apparent duplicate was filed later that same day. (*See* ECF No. 136, collectively with ECF No. 134, the "Debtor Brief.") The Debtor Brief was three (3) pages in length, cited no authority and made no specific citation to the record of the evidentiary hearing or to the docket of this case. (*See id.*) Although the Debtor had filed a proposed Chapter 11 plan and disclosure statement on January

11, 2012 (*see* ECF Nos. 125, 126), the Debtor Brief did not discuss those documents but merely alluded to their having been filed. (*See id.*);

## Analysis

**A.     Applicable Law**

    **1.     Conversion/Dismissal**

11 U.S.C. § 1112 governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, *and* the debtor or any other party in interest establishes that–
>
>    (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>    (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)–
>
>      (i) for which there exists a reasonable justification for the act or omission; and
>
>      (ii) that will be cured within a reasonable period of time fixed by the court.
>
> (3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

> (4) For purposes of this subsection, the term "cause" includes–
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> . . .
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>
> (E) failure to comply with an order of the court;
>
> . . .
>
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any). . .

11 U.S.C.A. § 1112(b) (West 2012) (emphasis added).[6] Thus, subject to Section 1112(b)(2), Section 1112(b)(1) mandates that the court dismiss or convert a chapter 11 case where "cause" exists within the purview of Section 1112(b)(1) (unless the court determines that an appointment (a "Section 1104(a) Appointment") under Section 1104(a) of a trustee or examiner is in the best interests of the estate). *See In re Ashley Oaks Dev. Corp.,* 458 B.R. 280, 284 (Bankr. D.S.C. 2011); 11 U.S.C. § 1112(b)(1);

**WHEREAS,** the examples of "cause" set forth in Section 1112(b)(4) (the "Section 1112(b)(4) List")

> are not exhaustive, however, and it has been established since the adoption of § 1112 that Congress used the word "includes" purposefully and that the grounds listed in

---

[6] Bankruptcy Code § 1112 was amended in late 2010 by the Bankruptcy Technical Corrections Act of 2010. *See* Pub. L. No. 111-327, 124 Stat. 3557 (Dec. 22, 2010) (the "Technical Corrections Act").

> the statute are non-exclusive. The statute reflects Congress' determination that a case should not be permitted to linger in Chapter 11 when there are grounds for conversion [or dismissal].

*In re Ameribuild Constr. Mgmt., Inc.,* 399 B.R. 129, 131-32 (Bankr. S.D.N.Y. 2009) (footnote omitted). "[The Section 1112(b)(4) List] is not exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." H.Rep. No. 95-595, at 405-6 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6362. With respect to the effect of the amendment to Section 1112 effected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 on the foregoing law: "[i]t is clear that Congress amended section 1112(b) to make it broader, more strict as to debtors, and more encompassing." *In re TCR of Denver, LLC,* 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (citing applicable legislative history). The Technical Corrections Act did not change that rule. *See Ashley Oaks,* 458 B.R. at 285. Accordingly, the rule that the Section 1112(b)(4) List is a non-exclusive list of examples of "cause" continues to be applicable. Courts have recognized debtor "bad faith" as a type of "cause" not included in the Section 1112(b)(4) List. *See, e.g., C-TC 9th Ave. P'ship. v. Norton Co. (In re C-TC 9th Ave. P'ship),* 113 F.3d 1304, 1311 (2d Cir. 1997);

**WHEREAS,** the burden is on the movant to prove Section 1112(b) "cause" by a preponderance of the evidence. *In re Woodbrook Assocs.,* 19 F.3d 312, 317 (7th Cir. 1994). *See also In re Hermanos Torres Pérez Inc.,* No. 09-05585 EAG, 2011 WL 5854929, at *1 (Bankr. D.P.R. Nov. 21, 2011) (same burden after the Technical Corrections Act);

**WHEREAS,** Sections 1112(b)(2) provides the only relevant exception (the "Exception") to mandatory conversion or dismissal. *See Ashley Oaks, supra* at 284. Under Section 1112(b)(2) after amendment pursuant to the Technical Amendments Act, the defense of "unusual circumstances" can

only be invoked where the debtor *also* establishes that: (1) there is a reasonable likelihood that a plan will be confirmed within the time limits stated in Section 1112(b)(2)(A), and (2) the grounds for conversion or dismissal include an act or omission (other than the cause set forth in Section 1112(b)(4)(A)) for which there is a reasonable justification and such act or omission will be cured within a reasonable period of time fixed by the court. *See Ashley Oaks, supra* at 285. The debtor has the burden of establishing the Exception. *Id.* at 284;

**WHEREAS,** once the court determines that "cause" exists (and that the Exception has not been established), Section 1112(b) offers a choice between converting the chapter 11 case to a case under chapter 7 or outright dismissal, "whichever is in the best interests of creditors and the estate," 11 U.S.C.A. § 1112(b). "Also, instead of either dismissal or conversion, the court may appoint a trustee or an examiner, if such appointment is in the best interests of creditors and the estate." 7 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1112.04[7], at 1112-39–1112-40 (16th ed. 2011);

### 2. Adequacy of Briefs

**WHEREAS,** "mere conclusory allegations with no citations to the record or any legal authority for support does not constitute adequate briefing." *MacArthur v. San Juan County,* 495 F.3d 1157, 1160-61 (10th Cir. 2007) (citation and internal quotation marks omitted). *See also N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir. 1997) ("[W]hile the opening brief is replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations. The brief leaves it up to the court to attempt to find the asserted information;" brief stricken from the record (citations omitted).); *Glidepath Holding v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 n.9 (S.D.N.Y. 2007) ("[T]he Court has no obligation to consider

an argument for which a party has cited no legal authority. . . ."); *Field Day, LLC v. County of Suffolk*, No. 04-CV-2202(DRH) (WDW), 2005 WL 2445794, at *18 n.8 (E.D.N.Y. Sept. 30, 2005), *aff'd in part*, *rev'd in part*, 463 F.3d 167 (2d Cir. 2006) ("[B]ecause . . . [the defendant] cites absolutely no authority to support . . . [its argument], the Court will not consider it.");

### B. Application of Law to Fact

**WHEREAS,** for the reasons set forth above, the court concludes that it is not required to make out the Debtor's case for him, and here declines to do so;

**WHEREAS,** the SNL Brief establishes a *prima facie* case of bad faith as "cause" under Section 1112(b). (*See* ECF No. 136 at 3-10.) The SNL Brief also establishes a *prima facie* case of "cause" under Section 1112(b)(4)(A) ("substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"). (*See* ECF No. 136 at 18-23.) Moreover, the SNL Brief establishes a *prima facie* case of "cause" under Section 1112(b)(4)(B) ("gross mismanagement of the estate"). (*See* ECF No. 136 at 23-27.) For the reasons discussed above, the Debtor Brief is insufficient to rebut any of those *prima facie* cases. Accordingly, the court finds and/or concludes that SNL has carried its burden to establish that "cause" exists to dismiss or convert this case within the purview of Section 1112(b)(1);

**WHEREAS,** as discussed above, the burden thus passes to the Debtor to establish the Exception. For the reasons discussed above, the Debtor Brief is insufficient to make out a *prima facie* case with respect to the Exception (which is not even discussed in the Debtor Brief). Accordingly, the court finds and/or concludes that this case must be either dismissed or converted;[7]

---

[7] The Debtor Brief does not suggest that a Section 1104(a) Appointment would be appropriate.

**WHEREAS,** as discussed in the SNL Brief, there is here a history of irregularities with respect to the Debtor's prepetition and postpetition conduct. Other undiscovered "irregularities" may exist. Accordingly, the court finds and/or concludes that it is in "the best interests of creditors and the estate," 11 U.S.C.A. § 1112(b)(1), that (instead of dismissal) the case be converted in order that a chapter 7 trustee may examine matters more fully.

## Conclusion

**WHEREAS,** for the reasons and to the extent set forth above, (a) the Motion is granted, (b) the Objection is overruled and (c) a separate order shall enter converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

It is **SO ORDERED.**

Dated: February 15, 2012                                                         BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge